DLD-049                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2757
_____

IN RE:  SHARIFF BUTLER; JEREMEY MELVIN,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 4:19-cv-02171)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 10, 2020
Before:  JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 18, 2020)
_____

OPINION[*]
_____

PER CURIAM

Pennsylvania state prisoner Shariff Butler petitions pro se for a writ of mandamus

that (1) directs the United States District Court for the Middle District of Pennsylvania to

expedite its consideration of his civil action and/or rule on the motion to proceed in forma

pauperis ("IFP") that he filed in that action, and (2) prohibits Huntingdon SCI — the

prison at which he is incarcerated — from transferring him to another prison during the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

pendency of that civil action. For the reasons that follow, we will deny Butler's

mandamus petition.[1]

I.

On December 20, 2019, the District Court received from Butler a pro se civil-

rights complaint that named a host of prison officials as defendants. That same day, the

District Court Clerk directed Butler to either pay the filing fee or submit a completed and

signed IFP motion within 30 days. On December 30, 2019, the District Court received

Butler's IFP motion.

In August 2020, at which point Butler's IFP motion remained pending, he filed

this mandamus petition. During the pendency of this petition, there have been further

developments in the District Court proceedings. On September 2, 2020, the District

Court entered an order that, inter alia, granted Butler's IFP motion, dismissed about half

of the defendants from the case pursuant to 28 U.S.C. § 1915A(b)(1), and directed the

District Court Clerk to serve the remaining defendants with Butler's complaint. About

two weeks later, Butler moved for leave to file an amended complaint. About a month

after that, he filed a notice of appeal challenging the District Court's September 2, 2020

order. And in early November 2020, he submitted his proposed amended complaint.

---

[1] This mandamus petition was also brought by Jeremey Melvin, a fellow Pennsylvania state prisoner who is Butler's co-plaintiff in the underlying civil action. However, on November 3, 2020, the Clerk dismissed this mandamus action as to Melvin because he had failed to comply with the Clerk's earlier order directing him to either pay the filing fee or move to proceed IFP.

2

Butler's appeal (which has been docketed in this Court at C.A. No. 20-3116) and his motion for leave to file an amended complaint are currently pending.

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).

Butler has not made that showing here. For one thing, nothing prevents him from directly moving the District Court to expedite his civil action.[2] Furthermore, he has not demonstrated that he is entitled to remain at Huntingdon SCI for the duration of his civil action, or that he is unable to move the Pennsylvania Department of Corrections for that relief. Finally, to the extent that he asks us to direct the District Court to rule on his IFP

---

[2] We take no position on the merits of such a motion. To the extent that Butler's mandamus petition takes issue with the pace of his District Court proceedings thus far, there has not been any delay in those proceedings that would be tantamount to the District Court failing to exercise jurisdiction over his civil action. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (indicating that a writ of mandamus may issue when a district court's "undue delay is tantamount to a failure to exercise jurisdiction"); cf. id. (concluding that mandamus relief was not warranted in a habeas case where the petitioner's most recent filing had been pending before the district court for about eight months). We trust that Butler's civil action will continue to move forward without undue delay.

3

motion, that portion of his mandamus petition is moot because, as noted above, the District Court granted that motion in its September 2, 2020 order. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (explaining that a case becomes moot "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief").

In view of the above, we will deny Butler's mandamus petition.

4